## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| CHARLESTON FREIGHT STATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 2:16-cv-00956-DCN |
| v. | ) ) | **ORDER** |
| ATS LOGISTICS, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

This matter is before the court on plaintiff Charleston Freight Station, Inc.'s ("plaintiff") motion to remand the case to the Court of Common Pleas for Charleston County. For the reasons set forth below, the court grants plaintiff's motion.

## I.  BACKGROUND

The instant dispute arises out of a claim for costs associated with the interim storage of government equipment left at plaintiff's property during a period in which defendant ATS Logistics, Inc. ("defendant") was purportedly required by contract to fund all costs for relocating the equipment from plaintiff's property. Pl.'s Mot. 1. The government contract at issue ("the Contract") was between defendant and the U.S. Department of Homeland Security for the operation of the U.S. Customs and Border Patrol ("Customs") centralized examination system for the Port of Charleston, South Carolina. Notice of Removal ¶ 1. On February 25, 2016, plaintiff filed an "action for nonpayment of storage fees due under an implied contract for storage of government property" in the Court of Common Pleas for Charleston County. Compl. ¶ 1. Defendant removed the action to this court on March 25, 2016, pursuant to the federal officer

1

removal statute, 28 U.S.C. § 1442. Notice of Removal ¶ 1. Plaintiff filed a motion to remand the case on April 24, 2016, ECF No. 7, and defendant responded on May 12, 2016, ECF No. 8. The court held a hearing on the motion on August 30, 2016, and the motion is now ripe for the court's review.

## II.  STANDARD

The right to remove a case from state court to federal court is derived from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed. Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996). Federal courts "are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated." Md. Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 260 (4th Cir. 2005). If federal jurisdiction is doubtful, then remand is necessary. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); see also Pohto v. Allstate Ins. Co., No. 6:10-cv-02654, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) ("Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.").

## III.  DISCUSSION

Plaintiff contends the court should remand the instant case pursuant to 28 U.S.C. § 1447(c), arguing the court lacks subject matter jurisdiction. Defendant removed this

case under the federal officer removal statute, which provides that "any officer (or any person acting under that officer) of the United States or any agency thereof, in an official or individual capacity," who is sued "for or relating to any act under color of such office" may remove the action to district court.  28 U.S.C. § 1442(a)(1).

To remove an action under § 1442(a)(1), a defendant who is neither a federal officer nor an agency must establish that (1) it is a "person" within the meaning of the statute, (2) it acted under the direction of a federal officer, (3) it has "a colorable federal defense" to the plaintiff's claims, and (4) a causal connection exists between the plaintiff's claims and the acts the defendant performed under color of federal office.  See Mesa v. California, 489 U.S. 121, 124–25 (1989).  Although plaintiff contests the "acting under" and "colorable federal defense" factors of the federal officer removal statute analysis, the court finds only the latter of the two relevant for purposes of disposing of the instant motion.

In Mesa, the Supreme Court stated that "an unbroken line of th[e] Court's decisions extending back nearly a century and a quarter have understood all the various incarnations of the federal officer removal statute to require the averment of a federal defense."  489 U.S. at 133–34.  At this stage of litigation, defendant need not prove its federal defense.  See id. at 129 (stating "[t]he validity of the defence [sic] authorized to be made is a distinct subject" that "involves wholly different inquiries" and "has no connection whatever with the question of jurisdiction"); see also Jamison v. Wiley, 14 F.3d 222, 239 (4th Cir. 1994) ("Nothing in the federal removal statutes authorizes the remand of a case that has been properly removed under § 1442(a)(1) on the ground that the federal employee's immunity defense is later rejected.").  Nevertheless, defendant

must assert <u>some</u> colorable federal defense for this court to exercise jurisdiction over the case.  See <u>Wiley</u>, 14 F.3d at 238 n.17 ("Of course, a defendant cannot satisfy <u>Mesa</u>'s requirement that he demonstrate a colorable federal defense simply by reciting § 1442(a)'s 'color of office' language in his removal petition 'if the underlying facts averred, or . . . existing on the whole record before the court,' make clear that he cannot possibly make out a colorable federal defense." (quoting <u>North Carolina v. Ivory</u>, 906 F.2d 999, 1001 n.4 (4th Cir. 1990))).

Defendant, in the notice of removal, alleged that "it was officially justified in its actions for which [p]laintiff now seeks redress.  Specifically, [d]efendant was at all times acting at the direction of [Customs] with regard to assisting in the relocation of the CBP Machine."  Notice of Removal ¶ 6.  While this may be true, when pressed at the hearing on this motion, defendant could not list a single federal defense it could assert against plaintiff.  Even when asked if defendant was still pursuing the Contract Disputes Act—as it asserted in its brief to the court—defendant candidly admitted it was not applicable to this case.  Defendant's only argument was that it had a federal defense because the contract at issue was a federal contract.  In the court's view, the mere presence of a federal contract—without more—is not sufficient to raise a "colorable federal defense" under the law for purposes of the federal officer removal statute.

Based on the foregoing, even though defendant must only show it has a "colorable federal defense," defendant has wholly failed to allege one in this case.  See <u>Wiley</u>, 14 F.3d at 238 n.17 (providing that "a defendant cannot satisfy <u>Mesa</u>'s requirement that he demonstrate a colorable federal defense simply by reciting § 1442(a)'s 'color of office' language in his removal petition 'if the underlying facts averred, or . . . existing on the

4

whole record before the court,' make clear that he cannot possibly make out a colorable federal defense" (quoting <u>Ivory</u>, 906 F.2d at 1001 n.4)); <u>Lewis</u>, 519 U.S. at 73 (noting the party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed). Therefore, the court finds a remand is necessary because removal of this action was improper under the federal officer removal statute.  <u>See</u> <u>Mulcahey</u>, 29 F.3d at 151 (stating if federal jurisdiction is doubtful, then remand is necessary).

## IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS** plaintiff's motion to remand this case to the Court of Common Pleas for Charleston County.

**AND IT IS SO ORDERED**.


**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 25, 2016**
**Charleston, South Carolina**